**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5569-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JUAN HENRIQUEZ,

     Defendant-Appellant.

_____

Submitted September 15, 2020 – Decided September 21, 2020

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Accusation No. 09-1704-99.

Livius Ilasz, attorney for appellant.

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel and on the brief; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant Juan Henriquez appeals from a July 11, 2019 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Following our review of the record and the applicable law, we affirm.

In May 1999, the State charged defendant with third-degree possession of marijuana with intent to distribute, N.J.S.A. 2C:35-5(b)(11); second-degree possession of marijuana with intent to distribute within 500 feet of a public park, N.J.S.A. 2C:35-7.1(a); and the disorderly persons offense of possession of drug paraphernalia, N.J.S.A. 2C:36-2. On September 21, 1999, defendant waived indictment on these charges and pled guilty to a one-count accusation charging him with fourth-degree possession of over fifty grams of marijuana, N.J.S.A. 2C:35-10(a)(3). On November 1, 1999, the judge sentenced defendant to one year of probation in accordance with the terms of his negotiated plea. Defendant did not file a direct appeal from his conviction and sentence.

On March 5, 2019, over nineteen years later, defendant filed a petition for PCR contending he was entitled to have his plea vacated because of ineffective assistance of counsel. In a certification accompanying his petition, defendant stated he is a native and citizen of El Salvador and entered the United States in 1994. Defendant applied for United States citizenship in August 2017. The

United States Citizenship and Immigration Services denied this application on September 27, 2018, because of his November 1, 1999 conviction. The denial letter also advised defendant that he was "not authorized to remain in the United States and should make arrangements to depart as soon as possible."

In his PCR petition, defendant alleged that the attorney he retained to assist him with his criminal charges "did not discuss with [him] the immigration issues related to pleading guilty." Instead, the attorney "only informed [defendant] that the likelihood was so low that [he] would be deported and that [he] should not worry about it." Defendant also claimed that he "could not fully comprehend the questions being asked by the [j]udge" at the plea hearing and at sentencing because he "could only understand or read a few words in English."

Defendant acknowledged that in preparation for the plea hearing,[1] he completed a written plea form which asked whether he understood that if he was not a United States citizen, he "may be deported by virtue of [his] plea of guilty?" Defendant responded "yes" to this question. The transcript of the sentencing hearing also indicates that defendant was fully responsive to all of the judge's questions, and was able to inform the court that he worked at a

---

[1] Defendant has not provided us with a copy of the transcript of the plea hearing.

A-5569-18T3

trucking company, performed the duties of a loader, and graduated from high school.

In a thorough written decision, Judge Gary N. Wilcox found that defendant's PCR petition was time-barred by Rule 3:22-12(a) because it was filed more than five years after defendant's conviction and sentence and defendant did not demonstrate that his late filing was the result of excusable neglect. After reviewing the Strickland[2] standard, the judge also found that defendant failed to establish that his attorney provided him with any incorrect or misleading information concerning his chances of deportation. This appeal followed.

On appeal, defendant raises the following contentions:

> I. THE TRIAL COURT ERRED BY DENYING [DEFENDANT'S] PETITION FOR [PCR] WITHOUT PERFORMING AN EVIDENTIARY HEARING AS DEFENDANT MADE A PRIMA FACIE CASE UNDER STATE V. NUNEZ-VALDEZ FOR INEFFECTIVE ASSISTANCE OF COUNSEL AND EXCUSABLE NEGLECT RELAXED THE FIVE-YEAR STATUTE OF LIMITATIONS.
>
> A. [Defendant] Successfully Made A Prima Facie Case For Ineffective Assistance of Counsel Thus Requiring An Evidentiary Hearing.

---

[2] Strickland v. Washington, 466 U.S. 668, 687 (1984).

A-5569-18T3

B. Excusable Neglect Must Relax the Five Year Statute of Limitations In This Matter As It Is Unreasonable To Expect [Defendant] to Proactively File Without Provocation.

II. SHOULD THIS COURT DENY [DEFENDANT] THE OPPORTUNITY TO PROVE INEFFECTIVE ASSISTANCE OF COUNSEL AT THE TRIAL COURT, IT WOULD BE A VIOLATION OF [DEFENDANT'S] EIGHTH AMENDMENT RIGHTS AS THE PUNISHMENT TO THE ALLEGED CRIME WOULD BE [DISPROPORTIONATE].[3]

We review de novo the PCR court's conclusions of law. State v. Nash, 212 N.J. 518, 540-41 (2013). Applying this standard, we affirm the trial judge's order denying PCR, substantially for the sound reasons expressed in Judge Wilcox's comprehensive written decision. We add the following comments.

The familiar Strickland standard defines the showing a defendant must make in order to prevail on PCR: that substandard professional assistance was rendered by his or her trial counsel, and that the outcome of the proceedings was prejudiced as a result. Strickland, 466 U.S. at 687. The Strickland standard was adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).

---

[3] Deportation is not a punishment for a crime and, therefore, the Eighth Amendment does not apply. See, e.g., Ingraham v. Wright, 430 U.S. 651, 668 (1977). Therefore, we reject defendant's contention in Point II of his brief. R. 2:11-3(e)(2).

A-5569-18T3

A defendant may meet the first prong of the Strickland ineffective assistance of counsel test in the context of a guilty plea where he or she can show that counsel's representation fell short of the prevailing standards expected of criminal defense attorneys. Padilla v. Kentucky, 559 U.S. 356, 366-67 (2010). Counsel's performance is not deficient so long as "a defendant considering whether or not to plead guilty to an offense receives correct information concerning all of the relevant material consequences that flow from such a plea." State v. Agathis, 424 N.J. Super. 16, 22 (App. Div. 2012). The second prong requires a defendant to establish a reasonable probability that he or she would not have pled guilty but for counsel's errors. State v. Gaitan, 209 N.J. 339, 351 (2012).

It is undisputed "that a defendant can show ineffective assistance of counsel by proving that his [or her] guilty plea resulted from 'inaccurate information from counsel concerning the deportation consequences of his [or her] plea.'" State v. Brewster, 429 N.J. Super. 387, 392 (App. Div. 2013) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 143 (2009)). Counsel's duty includes an affirmative responsibility to inform a defendant entering a guilty plea of the relevant law pertaining to mandatory deportation. Padilla, 559 U.S. at 368-69. Our Supreme Court has made clear that counsel's "failure to advise

a noncitizen client that a guilty plea will lead to mandatory deportation deprives the client of the effective assistance of counsel guaranteed by the Sixth Amendment." State v. Barros, 425 N.J. Super. 329, 331 (App. Div. 2012) (citing Padilla, 559 U.S. at 369).

In Chaidez v. United States, 568 U.S. 342 (2013), however, the United States Supreme Court concluded that Padilla, by imposing a new obligation and a new rule of law, would be applied prospectively only. Id. at 344. Accordingly, "defendants whose convictions became final prior to Padilla . . . cannot benefit from its holding." Id. at 358.

Guilty pleas entered prior to Padilla are reviewed to determine whether counsel provided affirmatively false information regarding the plea's immigration consequences. State v. Santos, 210 N.J. 129, 143-44 (2012). "Only if defendant's attorney affirmatively gave incorrect advice about the deportation consequences of his [or her] guilty plea might he [or she] be entitled to set aside his [or her] conviction in accordance with the holding of Nuñez-Valdéz." Brewster, 429 N.J. Super. at 394-95. Defendant entered his plea prior to Padilla.

We conclude that this record does not support defendant's claim that his attorney affirmatively misled him. Defendant executed the plea form, which stated that deportation was a possible consequence to the entry of a guilty plea.

7

Defense counsel's alleged statement that the likelihood of deportation at that time was "low" was entirely consistent with the statement made in the plea form. Therefore, it was neither false nor misleading under the Nuñez-Valdéz standard.

Defendant does not assert that he is innocent of the charge to which he pled, or to the more serious charges he would have faced had he decided to proceed to trial. Under these circumstances, he cannot show that he was prejudiced by the advantageous plea agreement his attorney was able to negotiate for him. Because defendant failed to meet either prong of the Strickland test, he failed to establish a prima facie case of ineffective assistance of counsel, thus negating the need for an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Therefore, Judge Wilcox properly denied defendant's PCR petition.

We also agree with the judge that defendant's petition was time-barred under Rule 3:22-12. The petition was filed more than nineteen years after defendant's conviction and sentence, well beyond the five-year time bar mandated under Rule 3:22-12. Defendant has not demonstrated excusable neglect to justify relaxing that time limitation.

In assessing excusable neglect, we "consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in

determining whether there has been an 'injustice' sufficient to relax the time limits." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)). More than "a plausible explanation for [the defendant's] failure to file a timely PCR petition" is required. Ibid. That defendant had not earlier faced deportation is not a sufficient explanation for the failure to file a timely PCR petition. Ignorance of the process does not establish excusable neglect. State v. Murray, 162 N.J. 240, 246 (2000).

Clearly, Rule 1:1-2(a) permits courts in "exceptional circumstances" to relax the five-year time bar, but only if a defendant can demonstrate an injustice by a preponderance of the credible evidence. State v. Mitchell, 126 N.J. 565, 579 (1992). To relax the five-year time limitation, our Supreme Court has required a showing of "compelling, extenuating circumstances," State v. Milne, 178 N.J. 486, 492 (2004) (quoting Afanador, 151 N.J. at 52); or alternatively, "exceptional circumstances." Murray, 162 N.J. at 246. The five-year time bar may be set aside only to avoid a fundamental injustice where the deficient representation of counsel affected "a determination of guilt or otherwise wrought a miscarriage of justice." Nash, 212 N.J. at 546 (quoting Mitchell, 126 N.J. at 587). Defendant has not demonstrated a miscarriage of justice which would warrant setting aside the five-year time bar.

Because we find that the trial judge correctly applied relevant precedents, we find no error in his refusal to grant the petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10                                                      A-5569-18T3